UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE

******************************

| | |
|---|---|
| Rebecca Handlin, | * |
| | * |
| Plaintiff | *   COMPLAINT |
| | *   Jury Trial Requested |
| v. | * |
| | * |
| The Courville Company, Inc., | * |
| | * |
| Defendant | *I |
| | * |

******************************

NOW COMES the plaintiff Rebecca Handlin, by and through her attorneys Douglas, Leonard & Garvey, P.C., and respectfully submits the within Complaint, stating as follows:

**I.    Parties**

1. The plaintiff Rebecca Handlin is a former employee of the defendant and resides at 415 Millstone Avenue Apartment 25, Manchester, New Hampshire.

2. The defendant The Courville Company, Inc. is a New Hampshire corporation with a principal place of business located at 175 River Road, Manchester, New Hampshire.

**II.    Jurisdiction and Venue**

3. The Court has subject matter jurisdiction over this matter pursuant to 42 U.S.C. §12117. The Court may exercise supplemental jurisdiction over the plaintiff's State law claim.

4. Venue is proper because the acts and omissions giving rise to this action occurred in this judicial district.

**III.    Facts**

5. Ms. Handlin began employment with the defendant as a Receptionist/Accounting Assistant in or around December of 2017.

6. Ms. Handlin's job duties primarily entailed assisting accountants with their duties and performing general ledger work.

7. Ms. Handlin performed her job responsibilities well, and the defendant discussed with her the prospect of her taking on additional responsibilities.

8. In or around March of 2018, Ms. Handlin was diagnosed with Stage 4 melanoma.

9. Ms. Handlin began having to miss work in order to attend medical treatment.

10. On or about May 11, 2018, Ms. Handlin underwent surgery to remove the melanoma. The surgery left visible scars on the left side of Ms. Handlin's neck, on top of her scalp, and on her left ear.

11. Ms. Handlin returned to work approximately one (1) week after her surgery. She would continue to need to attend follow-up treatment in Boston periodically.

12. In or around the middle of June of 2018, the defendant's Director of Operations, Brian Newman, approached Ms. Handlin and asked her about her recent absence. Ms. Handlin explained that she had undergone surgery.

13. Director of Operations Newman asked her why she had undergone surgery. Ms. Handlin explained that she had cancer.

14. On or about July 13, 2018, Ms. Handlin's supervisor notified her that the defendant was terminating her employment due to a supposed restructuring. The supposed restructuring did not affect any employee other than Ms. Handlin. Ms. Handlin's supervisor clarified that the termination was not related to Ms. Handlin's performance.

15. Ms. Handlin timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission (EEOC) on or about October 11, 2018, alleging disability discrimination. Exhibit A.

16. Ms. Handlin requested a Notice of Right to Sue from the EEOC and received it on October 5, 2019. Exhibit B. Ms. Handlin files this lawsuit within ninety (90) days of receiving the Notice of Right to Sue, as required.

## COUNT I

### ( Violation of Americans With Disabilities Amendments Act)

17. The allegations of the preceding paragraphs are repeated and incorporated herein by reference.

18. At all times relevant to this action, Ms. Handlin suffered from disabling impairments within the meaning of the ADAAA, including Stage 4 cancer.

19. Ms. Handlin was able to perform the essential functions of her employment position with the reasonable accommodation of being allowed brief periods of leave to attend medical treatment, to undergo surgery, and to convalesce from surgery.

20. Upon learning of Ms. Handlin's disability, and her need for reasonable accommodation because of it, the defendant fired Ms. Handlin, citing the pretext of a restructuring.

21. The defendant discriminated against Ms. Handlin on the basis of disability by firing her.

22. As a direct and proximate result of the defendant's disability discrimination, Ms. Handlin has suffered and continues to suffer damages, including but not limited to lost wages, lost employment benefits, emotional distress, humiliation, inconvenience and loss of enjoyment of life. Ms. Handlin is further entitled to punitive damages based on the defendant's malice and reckless disregard for her federally protected rights. In addition, the plaintiff is entitled to her reasonable attorney's fees, plus interest and costs.

## COUNT II

### (Violation of RSA 354-A)

23. The allegations of the preceding paragraphs are repeated and incorporated herein by reference.

24. At all times relevant to this action, Ms. Handlin suffered from disabling impairments within the meaning of the New Hampshire Law Against Discrimination, including Stage 4 cancer.

25. Ms. Handlin was able to perform the essential functions of her employment position with the reasonable accommodation of being allowed brief periods of leave to attend medical treatment, to undergo surgery, and to convalesce from surgery.

26. Upon learning of Ms. Handlin's disability, and her need for reasonable accommodation because of it, the defendant fired Ms. Handlin, citing the pretext of a restructuring.

27. The defendant discriminated against Ms. Handlin on the basis of disability by firing her.

28. As a direct and proximate result of the defendant's disability discrimination, Ms. Handlin has suffered and continues to suffer damages, including but not limited to lost wages, lost employment benefits, emotional distress, humiliation, inconvenience and loss of enjoyment of life. Ms. Handlin is further entitled to enhanced compensatory damages based on the defendant's willful and reckless disregard of her rights protected under RSA 354-A. In addition, the plaintiff is entitled to her reasonable attorney's fees, plus interest and costs.

WHEREFORE, the plaintiff Rebecca Handlin respectfully prays this Honorable Court:

A. Schedule this matter for trial by jury, and after trial:

B. Find that the defendant violated the plaintiff's rights under the Americans With Disabilities Amendments Act;

C. Find that the defendant violated the plaintiff's rights under the New Hampshire Law Against Discrimination;

D. Award the plaintiff damages for lost wages and lost employment benefits;

E. Award the plaintiff damages for emotional distress, humiliation, inconvenience, and loss of enjoyment of life;

F. Award the plaintiff punitive damages;

G. Award the plaintiff enhanced compensatory damages;

H. Award the plaintiff her reasonable attorney's fees;

I. Award the plaintiff interest and costs; and

J. Grant such other and further relief as is just and equitable.

RESPECTFULLY SUBMITTED:

REBECCA HANDLIN
By her attorneys:
DOUGLAS, LEONARD & GARVEY, P.C.

Dated: January 3, 2020    By:    /s/ Benjamin T. King
Benjamin T. King, N.H. Bar. No. 12888
14 South Street, Unit 5
Concord, NH 03301
603-224-1988
benjamin@nhlawoffice.com